IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROSENDO HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-cv-2166-NJR |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| WARDEN OF MENARD | ) | |
| CORRECTIONAL CENTER, MEDICAL | ) | |
| ADMINISTRATOR OF MENARD | ) | |
| CORRECTIONAL CENTER, DR. | ) | |
| FUENTES, DR. TRUST, JACK N. | ) | |
| NEWMAN, JR., B.S. NEIDORF, SUSAN | ) | |
| KIRK, HEATHER McGEE, KELLY P., | ) | |
| PAM HANNIER, and B. WINTER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Rosendo Hernandez, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Dixon Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges that while at Menard Correctional Center, Defendants delayed treatment for his heart condition, resulting in a heart attack in December 2016. He asserts claims against Defendants under the Eighth Amendment. Plaintiff seeks declaratory judgment and monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is

1

legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Plaintiff makes the following allegations: Plaintiff suffered a heart attack on December 7, 2016. (Doc. 1, p. 2). At that time, he learned for the first time that he had suffered a less severe heart attack in August 2014, but Defendants ignored the warning signs and failed to provide him with additional care. (*Id*.). On August 29 and 30, 2014, Plaintiff complained to medical staff of vomiting, headaches, and pain in his left shoulder, left arm, neck, and chest. (*Id*. at p. 4). An Electrocardiogram ("EKG") was performed on either August 29 and 30 and the EKG showed symptoms consistent with pulmonary disease. (*Id*.). Despite these findings, Plaintiff was only provided with Motrin and returned to his cell. Plaintiff alleges that Nurse Susan Kirk, Dr. Jack N. Newman, Jr., Dr. B.S. Neidorf, Nurse Heather McGee, Nurse Kelly P., Nurse Pam Hannier, and Nurse B. Winter all either read the EKG or were aware of its results and sent him back to his cell, despite his condition requiring immediate treatment. (*Id*. at pp. 11-18). Plaintiff did not learn that this treatment was inappropriate until he suffered a heart attack in December 2016. It was at this time that he first learned that he had suffered a heart attack in August 2014. (*Id*. at pp. 18-19).

Plaintiff also alleges that Doctor Fuentes and Doctor Trust were aware of Plaintiff's symptoms and the results of the EKG, yet they continued to deny him medical care for twenty-seven months until he suffered another heart attack in December 2016. (Doc. 1, pp. 10-11). Plaintiff also alleges that this delay in medical care was a result of a policy of Wexford Health Sources, Inc. to delay treatment for serious conditions like Plaintiff's. (*Id*. at pp. 6-7).

**Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

> **Count 1:** **Wexford Health Sources, Inc. was deliberately indifferent under the Eighth Amendment for delaying treatment for Plaintiff's heart condition.**
>
> **Count 2:** **Dr. Fuentes, Dr. Trust, Dr. Jack N. Newman, Jr., Dr. B.S. Neidorf, Susan Kirk, Heather McGee, Kelly P. Pam Hannier, B. Winter, the Warden of Menard Correctional Center, and the Medical Administrator of Menard Correctional Center were deliberately indifferent under the Eighth Amendment for delaying treatment of Plaintiff's heart condition, resulting in a heart attack in December 2016.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

**Count 1**

Plaintiff has stated a colorable deliberate indifference claim against Wexford Health Sources, Inc. A corporate entity will incur liability in a civil rights action only where it established a policy that directly caused the constitutional violation. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the violation). In the context of Section 1983, a private corporation that performs functions on behalf of the state is "acting under color of state law," and

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

is treated the same as a municipal entity. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n. 6 (7th Cir. 2002). Here, Plaintiff alleges that the delay in treatment for his heart condition was a result of a policy by Wexford to delay treatment for serious medical conditions.

**Count 2**

Plaintiff has stated a colorable deliberate indifference claim against Dr. Fuentes, Dr. Trust, Dr. Jack N. Newman, Dr. B.S. Neidorf, Susan Kirk, Heather McGee, Kelly P., Pam Hannier, and B. Winter for their alleged delay in providing him with treatment for his heart condition, which resulted in Plaintiff suffering a heart attack in December 2016. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997); *Cooper v. Casey*, 97 F.3d 914, 916-17 (7th Cir. 1996). *See also Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) ("Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain.") (internal citations and quotations omitted).

As to the Warden of Menard Correctional Center and the Medical Administrator of Menard Correctional Center, however, Plaintiff fails to state a claim for deliberate indifference as he fails to allege any personal involvement. Plaintiff merely alleges that the Warden and Medical Administrator are responsible for the actions of their employees. (Doc. 1, pp. 9-10). In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (*quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Section 1983 does not authorize *respondeat superior* or "supervisory liability." *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011) (*citing Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). Section 1983 creates liability only for a defendant's personal acts or decisions. *Id.* Here, Plaintiff has not alleged any personal involvement by the

4

Warden and the Medical Administrator in his care. Thus, Plaintiff has failed to state a claim against the Warden and Medical Administrator.

**Motion for Counsel**

According to Plaintiff's motion for recruitment of counsel (Doc. 3), Plaintiff needs counsel because he only has a high school education and takes psychotropic medication. Plaintiff also indicates that he relied on the help of a jailhouse lawyer to write his Complaint. Plaintiff includes several letters from counsel he has contacted for representation; all have declined to take his case. Thus, the Court finds that plaintiff has met his threshold burden of attempting to obtain counsel on his own.[2] Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged."). Thus, the Court **DENIES** without prejudice Plaintiff's motion for counsel. (Doc. 3). The Court encourages Plaintiff to renew his request for the recruitment of counsel at a later date.

**Disposition**

**IT IS HEREBY ORDERED** that **Count 1** will proceed against **Wexford Health Sources, Inc.**

**IT IS ALSO ORDERED** that **Count 2** will proceed against **Dr. Fuentes, Dr. Trust, Dr. Jack N. Newman, Dr. B.S. Neidorf, Susan Kirk, Heather McGee, Kelly P., Pam Hannier, and B Winter.** The **Warden of Menard Correctional Center** and the **Medical Administrator of Menard Correctional Center** are **DISMISSED without prejudice** for failure to state a claim

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

upon which relief may be granted. The Clerk of Court is **DIRECTED** to terminate these individuals as defendants in the Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Wexford Health Sources, Inc., Dr. Fuentes, Dr. Trust, Dr. Jack N. Newman, Dr. B.S. Neidorf, Susan Kirk, Heather McGee, Kelly P., Pam Hannier, and B Winter: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the

full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 2/21/2019**

*[signature]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**