# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROSENDO HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-cv-2166-NJR |
| | ) | |
| WEXFORD HEALTH SOURCE'S INC.,[1] | ) | |
| FE FUENTES, JOHN TROST, | ) | |
| JACK N. NEWMAN, JR., B.S. | ) | |
| NEIDORF, SUSAN KIRK, | ) | |
| HEATHER McGHEE, PAM HANNA, | ) | |
| BARBARA WINTER, and KELLY | ) | |
| PIERCE, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On December 7, 2018, Plaintiff filed his Complaint alleging deliberate indifference in the treatment of his heart condition, which resulted in a heart attack in December 2016 (Doc. 1). On February 21, 2019, an Order was entered pursuant to 28 U.S.C. §1915A setting forth Plaintiff's claims for deliberate indifference (Doc. 13). The Court specifically found that Plaintiff stated a claim against Jack N. Newman, Jr., for deliberate indifference in delaying treatment of Plaintiff's heart condition (*Id*. at p. 3).

---

[1] According to its Answer (*see* Doc. 40), the proper name of this defendant is "Wexford Health Sources, Inc." The Clerk of Court is directed to change the docket sheet accordingly.

1

This matter is now before the Court on Defendant Jack N. Newman, Jr.'s Motion to Dismiss (Doc. 71). Plaintiff was given until June 27, 2019, to file a response but failed to do so. Nonetheless, for the reasons set forth below, the Court denies Newman's motion.

**Background**

Plaintiff's Complaint alleges that various individuals were deliberately indifferent in treating his heart condition, and the failure to properly treat the condition led to a heart attack Plaintiff suffered in December 2016. As to Jack N. Newman, Jr., Plaintiff alleges that he was responsible for prisoners' treatment and care, was an employee of Wexford, the Illinois Department of Corrections, and Menard Correctional Center, and acted under the color of law (Doc. 1, p. 3). In 2014, Plaintiff complained to various medical staff of vomiting, headaches, pain in his left shoulder, and pain in his left arm, neck, and chest (*Id.* at p. 4). He had two EKGs performed on August 29 and August 30, 2014. Dr. Newman, who Plaintiff identifies as an employee of Menard, read the August 30, 2014 EKG report and, from that report, knew that urgent medical was needed (*Id.* at pp. 12-13). Plaintiff alleges that the EKG showed "sinus rhythm consistent with pulmonary disease, prolonged QT interval inferior infarct, age undetermined with posterior extension T wave abnormality, and possible lateral ischemia abnormal" (*Id.* at pp. 4 and 28). Despite this abnormal finding, Dr. Newman failed to discuss the condition with the other prison doctors or provide Plaintiff with adequate preventative treatment. (*Id.* at p. 13). Instead, Plaintiff was merely sent back to his cell with Motrin. (*Id.*).

In his Motion to Dismiss, Dr. Newman argues that Plaintiff's Complaint fails to state a claim against him. Specifically, he argues that Plaintiff fails to allege any deliberate indifference on the part of Dr. Newman, fails to show that Plaintiff suffered a serious medical condition, that Dr. Newman was personally involved in his care, and that Dr. Newman acted under color of law.

**Legal Standards**

The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In assessing a complaint or count under Rule 12(b)(6), a district court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *Tricontinental Indus., Ltd. v. PriceWaterhouseCooper, LLP*, 475 F.3d 824, 833 (7th Cir. 2007); *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006); *Corcoran v. Chicago Park Dist.*, 875 F.2d 609, 611 (7th Cir. 1989). Courts must determine whether the factual allegations in a complaint plausibly suggest an entitlement to relief. *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). Dismissal is warranted "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012) (quoting *Thomas v. Guardsmark, Inc.,* 381 F.3d 701, 704 (7th Cir. 2004)). For purposes of a Rule 12(b)(6) motion, the allegations of a *pro se* complaint, which this case was originally filed as, are to be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006); *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994).

**Discussion**

Dr. Newman argues that Plaintiff failed to allege that he was deliberately indifferent in Plaintiff's care. He argues that Plaintiff also failed to allege that he suffered from a serious medical condition, that Dr. Newman was personally involved in Plaintiff's care, or that he acted under color of state law. The Court notes, however, that it has already conducted a screening of these claims under 28 U.S.C. § 1915A. When the Court conducts such a screening under Section 1915A, it is required to identify and dismiss any legally insufficient claim. A claim is legally insufficient

if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. Thus, the Court has already reviewed Plaintiff's Complaint and found that Plaintiff stated a claim for deliberate indifference against Dr. Newman. Defendant's motion to the contrary does not change the Court's opinion.

Further, Plaintiff's Complaint clearly meets the elements for alleging a deliberate indifference claim against Dr. Newman. He alleges that he suffered from a heart condition, which is a serious medical condition. He further alleges that Dr. Newman reviewed Plaintiff's EKG and determined that the results were abnormal. Despite finding abnormalities, however, Dr. Newman failed to provide any treatment for Plaintiff's condition. Instead, Plaintiff was sent back to his cell with Motrin. Plaintiff later suffered a heart attack, which Plaintiff alleges was a result of the failure to treat his heart condition. The Complaint clearly alleges that Dr. Newman acted with deliberate indifference in reviewing and responding to Plaintiff's EKG results.

Although Dr. Newman also argues that Plaintiff has not shown that he acted under color of law, Plaintiff alleges that Dr. Newman did act under color of law and was an employee of either Wexford, the Illinois Department of Corrections, or Menard Correctional Center (Doc. 1, p. 3, 12). Newman argues that he was not an employee of either organization. He offers additional facts that are outside of the Complaint, but in reviewing a motion to dismiss, the Court's inquiry is generally limited to the factual allegations contained within the Complaint. *Rosenblum v. Travelbyus.com,* 299 F.3d 657, 661 (7th Cir. 2002); *Venture Assoc. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir. 1993). Looking at the allegations set forth in the Complaint, Plaintiff adequately alleges that Dr. Newman was acting under color of law when he reviewed the EKG.

4

## Conclusion

For these reasons, Defendant's Motion to Dismiss (Doc. 71) is **DENIED**. Defendant Newman has until **August 22, 2019**, to file an Answer. Once he has filed an Answer, Newman will be subject to the Initial Scheduling Order (*See* Doc. 74, ¶ V). Plaintiff's Motion for Extension of Time to Complete Discovery (Doc. 80) is **DENIED as moot**.

Finally, the Clerk of Court is **DIRECTED** to update the docket sheet in accordance with footnote 1.

**IT IS SO ORDERED.**

**DATED: 7/22/2019**

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**