IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROSENDO HERNANDEZ, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-cv-2166-RJD |
| WEXFORD HEALTH SOURCES, INC., FE FUENTES, DR. JOHN TROST, DR. JACK N. NEWMAN, JR., SUSAN KIRK, HEATHER MCGEE, PAM HANNA, BARBRA WINTER, and KELLY PIERCE, | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Rosendo Hernandez, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). In his complaint, Plaintiff alleges he was provided delayed treatment for his heart condition, resulting in a heart attack in December 2016. Plaintiff is proceeding in this action on the following claims:

    Count One:    Wexford Health Sources, Inc. was deliberately indifferent under the Eighth Amendment for delaying treatment for Plaintiff's heart condition.

    Count Two:    Dr. Fuentes, Dr. Trost, Dr. Jack N. Newman, Jr., Susan Kirk, Heather McGee, Kelly Pierce, Pam Hanna, and Barbara Winter were deliberately indifferent under the Eighth Amendment for delaying treatment of Plaintiff's heart condition, resulting in a heart attack in December 2016.

Now before the Court is the Motion for Summary Judgment filed by Defendants arguing Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit (Docs. 85, 88, and 101). Plaintiff timely responded to Defendants' motions (Docs. 98, 99, and 107). For the

reasons set forth below, the Motions are **GRANTED**.

**Background**

There are two grievances relevant to the claims in this lawsuit in the record before the Court. First, Plaintiff attached to his complaint a grievance dated September 2, 2014 (Doc. 1 at 23). In this grievance, Plaintiff explains that he went to the healthcare unit on August 29, 2014 for complaints of chest pain and shortness of breath. An EKG was taken and he was told by medical staff that the results were inconclusive. Plaintiff asks that medical staff take his complaints seriously, and diagnose him as there is something "seriously wrong." There are no responses in the record to this grievance.

Second, Plaintiff has submitted a grievance dated December 27, 2016, in which he writes he suffered severe chest pain, dizziness, and shortness of breath on December 1, 2016 while at Dixon Correctional Center (Doc. 86-1 at 21-23). Plaintiff states that an EKG was performed, which showed Plaintiff may have suffered a heart attack. Plaintiff was sent to an outside hospital for further testing. Doctors confirmed Plaintiff suffered a heart attack. Plaintiff underwent various procedures, and explains that a physician told him he had suffered a heart attack that "could have [taken] place some years back." Plaintiff writes that he believes he suffered a heart attack on August 29, 2014, after he complained to staff about chest pain. Plaintiff writes that he placed a grievance in the institutional mail at Menard on September 2, 2014, to which he never received a response. There is no institutional response to this grievance, and it appears it was sent directly to the ARB. The ARB received the grievance on January 19, 2017, and returned it without a decision on the merits because it was not submitted in the timeframe outlined in Department Rule 504.

Defendants argue the September 2014 grievance was not exhausted as it was never

received or addressed by the institution. Indeed, Defendants assert the prison has no record of the September 2014 grievance. Defendants also argue the December 2016 grievance was not exhausted as it was untimely, complaining about treatment rendered in 2014. Defendants also argue the grievances did not name or describe them.

In response to Defendants' motions, Plaintiff contends he exhausted his administrative remedies for both his September 2014 and December 2016 grievances. Plaintiff indicates he never received a response to his September 2, 2014 grievance. Plaintiff asserts he placed this grievance in "the prison staff hand" on September 2, 2014 and lost control of it at that time. Plaintiff notes he referred to this grievance in his subsequent December 27, 2016 grievance. Plaintiff argues the events that occurred in August 2014 continued to December 2016 as he was suffering from the same issues.

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Court held a hearing on the issue of exhaustion on January 28, 2020. At the hearing, Plaintiff testified that he placed his September 2, 2014 grievance in the institutional mail at Menard, but never received any response. Plaintiff testified he made a copy of this grievance, which he believed was "word for word," prior to submitting it for review. Plaintiff had previously received delayed responses to his grievances, so he did not follow-up or "push" the issue concerning the lack of any response. Plaintiff stated that approximately one month after his September 2014 grievance was submitted, he was transferred to Stateville Correctional Center. Following his heart attack on December 1, 2016, Plaintiff testified he filed a grievance on December 27, 2016 while he was at Dixon Correctional Center.

## Legal Standards

### *Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

### *Exhaustion Requirements*

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before

judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody,

psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

**Discussion**

Based on the evidence in the record, the Court finds Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.

First, with regard to the September 2, 2014 grievance, the Court finds Plaintiff's testimony disingenuous. At the hearing, Plaintiff was uncertain as to when he made a copy of this grievance and whether such copy was verbatim (though he ultimately indicated he "believed" it was "word-for-word"). There is also no record of the grievance having been received at the institution. Plaintiff also made no mention of having not received any response to this grievance in his complaint (including it only in response to Defendants' motions), despite alleging the actions he took to exhaust. Moreover, based on Plaintiff's cumulative counseling summary, Plaintiff interacted with a counselor on September 25, 2014. On September 25, 2014, Plaintiff and counselor Wood discussed jobs and transfers, but there is no indication Plaintiff followed-up on this grievance (*see* Doc. 86-3 at 10).

Next, the Court considers Plaintiff's December 27, 2016 grievance. This grievance was directed to the ARB, which returned it without a decision on the merits because it was filed beyond the allowable 60-day timeframe. Specifically, the ARB determined Plaintiff was complaining about the treatment rendered for his complaints on August 29, 2014. Plaintiff argues this grievance should have been addressed on the merits because he was complaining of a continuing wrong and he was not informed that he had likely suffered a heart attack in 2014 until December 2016. The Court disagrees. As mentioned above, Plaintiff testified that he submitted a

grievance in September 2014 complaining about inadequate medical treatment he received on August 29, 2014. Notwithstanding the fact that the Court questions Plaintiff's credibility as to the submission of the September 2014 grievance, Plaintiff's testimony clearly provides that he understood he had a complaint regarding his medical treatment in August 2014 at the time it was rendered, and failed to properly grieve his concerns at that time. Although Plaintiff may not have known he suffered a heart attack in 2014 (which has not been definitively proven based on the record before the Court), such knowledge does not toll his exhaustion period or create a "continuing violation" as he clearly believed his medical treatment was inadequate in August 2014, and there is no indication he continued to receive treatment for his complaints through December 2016. The Seventh Circuit considered a similar case in *Macon v. Mahone*, wherein the plaintiff waited to file a grievance complaining about a delay in what he suspected was treatment of his kidney disease until he received lab reports confirming he had kidney disease. 590 F. App'x 609 (7th Cir. 2014). The Court determined that the lab reports "may have helped to *prove* his doctors' earlier knowledge, but the statements from his nurse and his sister, also a nurse, were enough for [the plaintiff] to realize the grounds of his grievance." *Id.* at 612. Plaintiff's testimony establishes he clearly had a complaint regarding what he believed was inadequate medical treatment in August 2014 and, therefore, he was obligated to grieve his issues through the proper procedures within 60 days of the occurrence. Accordingly, the ARB was correct in rejecting this grievance because it was filed out-of-time.

## Conclusion

Based on the foregoing, the Motion for Summary Judgment on Exhaustion of Administrative Remedies filed by Defendants Trost, Fuentes, Kirk, Winter, and Wexford (Doc. 85) is **GRANTED**; the Motion for Summary Judgment on the Issue of Exhaustion of

Administrative Remedies filed by Defendants Hanna, Pierce, and McGhee (Doc. 88) is **GRANTED**; and the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendant Newman (Doc. 101) is **GRANTED**.   This matter is **DISMISSED WITHOUT PREJUDICE**.   The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: January 31, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**